

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
MAR 1 3 2008
Mar 13, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Enver Hasani,<br>A 43-629-819<br>        Petitioner,<br><br>v.<br><br>Ruth Dorochoff, District Director,<br>USCIS; Commissioner USCIS;<br>and Michael Chertoff,<br>Director of Homeland Security,<br><br>        Respondents | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 08CV1503<br>JUDGE COAR<br>MAGISTRATE JUDGE COX |

## COMPLAINT FOR WRIT OF MANDAMUS

NOW COMES the Plaintiffs, Enver Hasani, by and through his attorney, Isuf Kola of Kola & Associates, Ltd and state as follows:

### STATEMENT OF ACTION

1. This action is brought to compel action on an Application for Naturalization ("N-400") properly filed with the United States Citizenship and Immigration Service (USCIS) in Chicago by the Plaintiff. To the Plaintiff's detriment, Defendants have failed to adjudicate the application.

## PARTIES

2. The Plaintiff is a permanent resident of the United States and has been a permanent resident for more than five (5) years. Enver Hasani filed a N-400 on February 26, 2006, seeking to become a citizen of the United States.

3. The Defendant Michael Chertoff, Director of Homeland Security, is being sued in his official capacity only.

4. Defendant Ruth Dorochoff, the District Director of the Chicago USCIS, is being sued in her official capacity only. The District Director is charged with supervisory authority over all of the Chicago USCIS operations and USCIS agents and officers acting in their official capacities

## JURISDICTION

5. This Court has original jurisdiction to hear both civil actions under the law of the United States and actions to compel an officer or employee of the United States or any agency thereof to perform a duty. 28 U.S.C. Section 1331; 28 U.S.C. Section 1261. This Court also has jurisdiction to grant declaratory relief under 28 U.S.C. Section 2201-2202.

6. This action is brought to compel the defendants to perform the duties arising under the laws of the United States.

7. This Court has jurisdiction to hear all actions arising from claims that an agency or officer or employee of a government agency failed to act in its official capacity and the person to whom the duty was owned suffered a

legal wrong. 5 U.S.C. Section 702.

8. This action invokes the Plaintiffs' right of due process under the fifth amendment of the United States Constitution, over which jurisdiction is conferred on this Court.

9. This action is brought due to the repeated failure of the Defendants to perform their duty to adjudicate the Plaintiff's N-400 application within a reasonable amount of time. Failure to adjudicate said application resulted in harm to the Plaintiff.

10. Jurisdiction over adjudication matters is conferred of federal courts when the USCIS refuses to adjudicate N-400s.

11. The Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA") does not divest this Court of Jurisdiction because the Plaintiff is not seeking a review of a denial; he is seeking to have his application adjudicated, which is among the duties conferred on the Defendants by Congress. Ildir. V. INS, 166 F. Supp. 2d 1250, 1256 (N.D.ILL 2001).

12. Venue lies with this Court under 218 U.S.C. Section 1291(e). This is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant resides and where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred.

13. Plaintiff's Application for Naturalization was properly filed and, to Plaintiff's knowledge, remains pending with the Chicago USCIS District Director.

## EXHAUSTION OF REMEDIES

14. Plaintiff has exhausted all administrative remedies. Plaintiff attended an interview for Naturalization on June 20, 2006 and was informed that he successfully passed the English and U.S. history requirement of the process. The interviewer informed the Petitioner that certain background check had not been completed by this time.

15. That the Plaintiff has repeatedly sought updates on his case and to date the Defendants have failed to update the Plaintiff or adjudicate his case.

## CAUSE OF ACTION

16. Plaintiff's N-400 application was filed on February 26, 2006 with the USCIS.

17. Plaintiff was interviewed on June 20, 2006 (See Exhibit 1). During said interview the Plaintiff passed all statutory requirements in order become a Naturalized citizen of the United States.

18. Defendants have had every opportunity to adjudicate Plaintiff's application.

19. Plaintiff has been deeply prejudiced by the failure of the Defendants to act in accord with their legal duties.

a. Plaintiff has been denied his right to become a citizen of the United States and all of the privileges that it entails, such as voting and petitioning other family member.

b. Plaintiff has had to expend money in order to adjudicate this matter.

c. Plaintiff has been denied the opportunity to have a final resolution of his application. Specifically, Plaintiff does not know whether Mr. Hasani will be granted citizenship in the United States.

20. Defendant's delay in processing the application has deprived the Plaintiff of his right to due process under the law as provided by the fifth amendment of the United States Constitution.

21. Defendants, in violation of the Administrative Procedure Act, 5 U.S.C. Section 701, are unlawfully withholding and unreasonably delaying action on Plaintiff's application and have subsequently failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

## PRAYER

WHEREFORE, Plaintiffs request that this Honorable Court enter an order:

(a) Requiring Defendants to adjudicate Plaintiff's application for Naturalization (N-400).

(b) Awarding Plaintiff reasonable attorney's fees under 28 U.S.C. Section 2412 for failure to perform their duties within a reasonable amount of

time; and

(c)   Granting such other relief at law and in equity as justice may so require.

Respectfully submitted,
Kola & Associates, LTD

By: _____
Isuf Kola

Kola & Associates, LTD
800 Roosevelt Rd. Building B Suite 110
Glen Ellyn, IL 60137
Tel.   630-529-8900
Fax.   630-790-6104

Department of Homeland Security  
U.S. Citizenship and Immigration Services

**N-652, Naturalization Interview Results**

A#: 43 629 819

On __June 20, 2006__, you were interviewed by USCIS officer __GUERRERO__

☑ You passed the tests of English and U.S. history and government.

☐ You passed the tests of U.S. history and government and the English language requirement was waived.

☐ USCIS has accepted your request for a Disability Exception. You are exempted from the requirement to demonstrate English language ability and/or a knowledge of U.S. history and government.

☐ You will be given another opportunity to be tested on your ability to _____ speak/ _____ read/ _____ write English.

☐ You will be given another opportunity to be tested on your knowledge of U.S. history and government.

☑ Please follow the instructions on Form N-14.

☐ USCIS will send you a written decision about your application.

☐ You did not pass the second and final test of your _____ English ability/ _____ knowledge of U.S. history and government. You will not be rescheduled for another interview for this Form N-400. USCIS will send you a written decision about your application.

A) _____ Congratulations! Your application has been recommended for approval. At this time, it appears that you have established your eligibility for naturalization. If final approval is granted, you will be notified when and where to report for the Oath Ceremony.

B) ✓ A decision cannot yet be made about your application.

It is very important that you:

☑ Notify USCIS if you change your address.

☑ Come to any scheduled interview.

☑ Submit all requested documents.

☑ Send any questions about this application in writing to the officer named above. Include your full name, Alien Registration Number (A#), and a copy of this paper.

☑ Go to any Oath Ceremony that you are scheduled to attend.

☑ Notify USCIS as soon as possible in writing if you cannot come to any scheduled interview or Oath Ceremony. Include a copy of this paper and a copy of the scheduling notice.

NOTE: Please be advised that under section 336 of the Immigration and Nationality Act, you have the right to request a hearing before an immigration officer if your application is denied, or before the U.S. district court if USCIS has not made a determination on your application within 120 days of the date of your examination.

Form N-652 (Rev 01/14/05)N